1

2          UNITED STATES DISTRICT COURT
                  DISTRICT OF NEVADA
3

4  Tyrone Noel Nunn,                          Case No. 2:24-cv-01793-CDS-DJA

5                 Plaintiff              **Order Dismissing and Closing Case**

6  v.

7  Nevada, et al.,

8                 Defendants

9

10        Pro se plaintiff Tyrone Noel Nunn brings this civil-rights action under 42 U.S.C. § 1983 to

11  redress constitutional violations that he claims he suffered while incarcerated at Ely State Prison.

12  ECF No. 1-1. On October 18, 2024, this court ordered Nunn to file a fully complete application to

13  proceed *in forma pauperis* or pay the full $405 filing fee on or before December 16, 2024. ECF No. 3.

14  The court warned Nunn that the action could be dismissed if he failed to file a fully complete

15  application to proceed *in forma pauperis* with all three documents or pay the full $405 filing fee for a

16  civil action by that deadline. *Id.* at 2. That deadline expired and Nunn did not file a fully complete

17  application to proceed *in forma pauperis*, pay the full $405 filing fee, or otherwise respond.

18  **I.      Discussion**

19        District courts have the inherent power to control their dockets and "[i]n the exercise of

20  that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.

21  *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an

22  action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*,

23  856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule

24  requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d

25  128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether

26  to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in

27  expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

28

1  prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and

2  (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d

3  1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

4          The first two factors, the public's interest in expeditiously resolving this litigation and

5  the court's interest in managing its docket, weigh in favor of dismissal of Nunn's claims. The third

6  factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of

7  injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or

8  prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth

9  factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by

10  the factors favoring dismissal.

11         The fifth factor requires me to consider whether less drastic alternatives can be used to

12  correct the party's failure that brought about the need to consider dismissal. *See Yourish v. Cal.*

13  *Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives

14  *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*,

15  291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of

16  dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."

17  *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this court cannot operate without

18  collecting reasonable fees, and litigation cannot progress without a plaintiff's compliance with

19  court orders, the only alternative is to enter a second order setting another deadline. But issuing a

20  second order will only delay the inevitable and further squander the court's finite resources.

21  Setting another deadline is not a meaningful alternative given these circumstances. So the fifth

22  factor favors dismissal. Having thoroughly considered these dismissal factors, I find that they

23  support dismissal.

24  **II.    Conclusion**

25         It is therefore ordered that this action is dismissed without prejudice based on Nunn's

26  failure to file a fully complete application to proceed *in forma pauperis* or pay the full $405 filing fee

27  in compliance with this court's October 18, 2024, order. The Clerk of Court is directed to enter

28  judgment accordingly and close this case. No other documents may be filed in this now-closed

case. If Nunn wishes to pursue his claims, he must file a complaint in a new case and either pay the required filing fee or properly apply for *in forma pauperis* status.

Dated: January 8, 2025

_____
Cristina D. Silva
United States District Judge

3